JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MELISSA GRIFFIN

### DEFENDANTS

IQVIA, INC. F/K/A QUINTILES IMS, INC.

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, 1981, PHRA, EPA
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00 in excess

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/22/2019

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3 Brookside Road, Erdenheim, PA 19038 _____

Address of Defendant: _____ 1 IMS Drive, Plymouth Meeting, PA 19462 _____

Place of Accident, Incident or Transaction: _____ 1 IMS Drive, Plymouth Meeting, PA 19462 _____

---

***RELATED CASE, IF ANY:***

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/22/2019   /s/ Sidney L. Gold, Esq.   21374

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.     *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, SIDNEY L. GOLD, ESQUIRE , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 01/22/2019   /s/ Sidney L. Gold, Esq.   21374

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3 Brookside Road, Erdenheim, PA 19038 _____

Address of Defendant: _____ 1 IMS Drive, Plymouth Meeting, PA 19462 _____

Place of Accident, Incident or Transaction: _____ 1 IMS Drive, Plymouth Meeting, PA 19462 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/22/2019        /s/ Sidney L. Gold, Esq.        21374

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A.    *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B.    *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ SIDNEY L. GOLD, ESQUIRE _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 01/22/2019        /s/ Sidney L. Gold, Esq.        21374

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MELISSA GRIFFIN | : | CIVIL ACTION |
| v. | : | |
| IQVIA, INC. | : | |
| F/K/A QUINTILES IMS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (☑)

| | | |
|---|---|---|
| 01/22/2019 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELISSA GRIFFIN, | : | **CIVIL ACTION NO.:** |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| IQVIA, INC., | : | |
| f/k/a QUINTILES IMS, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.     PRELIMINARY STATEMENT**

1.     This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Melissa Griffin ("Plaintiff"), a former employee of Defendant, IQVIA, Inc. (formerly known as Quintiles IMS, Inc.) ("Defendant"), who was harmed by the Defendant's discriminatory actions.

2.     This action arises under Title VII of the Civil Rights Act of 1964 and 1991, as amended, ("Title VII") 42 U.S.C. §2000e et seq., the Civil Rights Act of 1871, 42 U.S.C. §1981 ("§1981"), the Pennsylvania Human Relations Act, ("PHRA"), 43 P.S. §951 et seq, and the Equal Pay Act of 1963, 29 U.S.C. §206 (d), as amended ("EPA") et seq.

**II.     JURISDICTION AND VENUE**

3.     The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on Title VII, §1981, and the EPA.

4.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff has satisfied all other jurisdictional prerequisites to the maintenance of this action.  On October, 24, 2018, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

**III.    PARTIES**

6.      Plaintiff, Melissa Griffin, is a citizen of the Commonwealth of Pennsylvania, residing therein at 3 Brookside Road, Erdenheim, Pennsylvania 19038.

7.      Defendant, IQVIA, Inc. f/k/a Quintiles IMS Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of North Carolina, maintaining a place of business in the Commonwealth of Pennsylvania at 1 IMS Drive, Plymouth Meeting, Pennsylvania 19462.

8.      At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII, §1981, the EPA, and the PHRA and has been, and is, subject to the provisions of each said Act.

**IV.    STATEMENT OF FACTS**

10.     Plaintiff Griffin, a forty eight (48) year old, African-American female, was employed by the Defendant from in or about April of 2007 until on or about December 12, 2017, the date of her unlawful termination.

11. Upon the commencement of her employment with Defendant, Plaintiff Griffin held the title of Senior Manager of Human Resources. As a result of her stellar performance in said capacity, the Defendant promoted Plaintiff Griffin to the position of Director of Human Resources. At all times relevant hereto, Plaintiff Griffin maintained an excellent work performance rating with Defendant.

12. By way of example, in or about March and July of 2017, Defendant issued a bonus and a merit increase to Plaintiff Griffin based on her stellar work performance.

13. By way of background, in or about the end of 2015, Plaintiff Griffin began reporting to Martyn Edney ("Edney"), Vice President.

14. In or about January of 2016, Edney hired Dieter Moens ("Moens"), a significantly less experienced, less qualified, Caucasian, male in the role of Manager of Human Resources. Notably, Edney assigned Moens with taking on several job responsibilities that had belonged to Plaintiff Griffin, thus removing her from many of the essential functions of her job title.

15. In or about the end of 2016, during a meeting with Plaintiff, Edney used the word "nigger" multiple times.

16. Moreover, Defendant maintained a pattern of compensating Plaintiff Griffin at a lower rate than other similarly situated, Caucasian and/or male employees.

17. By way of example, the following employees had higher salaries than Plaintiff Griffin despite holding either the same or lesser title than she: James Styles ("Styles"), Director of Human Resources, a Caucasian male; Amber Borchert ("Borchert"), Senior Manager of Human Resources, a Caucasian individual; Kevin Kelly ("Kelly"), Director of Human Resources/Recruiting, a Caucasian male; Laura Wurzer ("Wurzer"), Director of Human Resources, a Caucasian individual.

18.    In or about October of 2017, despite her stellar work performance, Defendant inexplicably placed Plaintiff Griffin on a Performance Improvement Plan (PIP) for a period of six (6) weeks. Notably, Plaintiff Griffin had never been previously approached or notified of any deficiencies in her work performance. In response thereto, Plaintiff Griffin successfully performed within the confines of said plan. Specifically, Plaintiff Griffin outlined her 2017 and 2018 goals for each of her clients and provided memorandums and documentation in support therewith. Despite the same, Edney continued to micromanage and berate Plaintiff Griffin without justification.

19.    Additionally, throughout the course of her employment, Edney frequently stated that Defendant needed to "hire more hot guys."

20.    On or about November 14, 2017, notwithstanding Plaintiff Griffin's successful performance while on the PIP, Defendant extended the plan. Significantly, Defendant stated that Plaintiff Griffin needed to remain on the plan as she had missed a week of work due to the death of her brother.

21.    On or about December 12, 2017, Defendant abruptly terminated Plaintiff Griffin's employment allegedly due to the "unsuccessful completion" of her PIP.

22.    Plaintiff Griffin believes and avers that the articulated reason for the termination of her employment was pretextual in nature and the Defendant actually terminated her employment based on her race (African-American) and gender (female).

## COUNT I
### (Title VII – Race and Sex Discrimination)
### Plaintiff Griffin v. Defendant

23.    Plaintiff Griffin incorporates by reference paragraphs 1 through 22 of her Complaint as though fully set forth at length herein.

-4-

24.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination on the basis of her race (African-American), discrimination on the basis of her sex (female), unequal pay on the basis of her race (African-American) and/or sex (female), constituted violations of Title VII.

25.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

26.    As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(§1981 - Race Discrimination)**
**Plaintiff Griffin v. the Defendant**

27.    Plaintiff Griffin incorporates by reference paragraphs 1 through 26 of her Complaint as though fully set forth at length herein.

28.    The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination on the basis of her race (African-American) and unequal pay on the basis of her race (African-American), constituted violations of §1981.

29.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of §1981, as aforesaid, Plaintiff sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of

certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

30.     As a further direct result of the aforesaid discriminatory employment practices engaged in by the Defendant in violation of §1981, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT III
### (PHRA – Race Discrimination and Sex Discrimination)
### Plaintiff Griffin v. the Defendant

31.     Plaintiff Griffin incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff to discrimination on the basis of her race (African-American), discrimination on the basis of her sex (female), and unequal pay on the basis of her race (African-American) and/or sex (Female), constituted violations of the PHRA.

33.     As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff sustained permanent and irreparable harm, resulting in her loss of employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

34.     As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
## (EPA)
## Plaintiff Griffin v. Defendant

35.    Plaintiff Griffin incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36.    The actions of Defendant, through its agents, servants and employees, in discriminating against Plaintiff on the basis of her sex (female) in paying higher wages to male employees for equal work, is a violation of the EPA.

37.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the EPA, Plaintiff has sustained permanent and irreparable harm, which caused her to sustain a loss of wages and an additional equal amount as liquidated damages.

### PRAYER FOR RELIEF

38.    Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against the Defendant, and Order that:

a.    Defendant compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which Plaintiff would have been entitled had she not been subjected to unlawful discrimination;

b.    Defendant compensate Plaintiff with an award of front pay, if appropriate;

c.    Defendant pay to Plaintiff punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

-8-

d.      Defendant pay to Plaintiff pre and post judgment interest, costs of suit and

attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Griffin demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:   /s/ Sidney L. Gold, Esquire
      SIDNEY L. GOLD, ESQUIRE
      I.D. No.:  21374
      1835 Market Street, Suite 515
      Philadelphia, PA 19103
      (215) 569-1999
      **Attorneys for Plaintiff**

DATED:        January 22, 2019